FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

99 JUL -8 PM 2: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

ARTHUR GREEN,                    )
                                 )
          Plaintiff;             )
                                 )
v.                               )       Case No. CV-97-TMP-1638-W
                                 )
KEITH CRABTREE d/b/a P.I.W,      )
                                 )
          Defendant.             )

ENTERED

JUL - 8 1999

## MEMORANDUM OPINION

This cause is before the court on defendant's[1] motion for
partial summary judgment.  The motion has been briefed by both
parties, and oral argument was heard on June 7, 1999.  The parties
have consented to the jurisdiction of the undersigned pursuant to
28 U.S.C. § 636(c).   Defendant P.I.W., Inc., argues that
plaintiff's claims based on breach of the union contract under
which he was employed are due to be dismissed because the plaintiff
failed to exhaust the remedies available pursuant to the collective
bargaining agreement.

Plaintiff's complaint states two counts for relief.  Count I
alleges a claim for his employer's failure or refusal to pay

---

[1] The parties agree that the correct defendant is P.I.W.,
Inc., and not Keith Crabtree, individually.  Thus, to the extent
the complaint can be read as asserting claims against Crabtree
personally, such claims will be dismissed.

overtime compensation for overtime worked, and it is expressly grounded on the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* In response to the motion for summary judgment, plaintiff clearly claims that his overtime claim arises from the CBA.

Count II of the complaint, however, is expressly based on the collective bargaining agreement ("CBA") entered into between the United Mine Workers of America and the Association of Bituminous Contractors in 1995. That count asserts that defendant P.I.W. was required to provide health insurance for its employees, including plaintiff, which covered, among other things, the costs associated with "counseling, group therapy and alcoholism or drug rehabilitative programs. . . ." Plaintiff further alleges that defendant failed to provide the coverage initially, but then paid $6,000 to a drug rehabilitation program plaintiff attended while employed. After paying that sum, however, plaintiff alleges that defendant then deducted $250 per pay period from plaintiff's pay to recoup the cost of the program.

## Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ.

3

P. 56(e)).  The nonmoving party need not present evidence in a form

necessary for admission at trial; however, he may not merely rest

on his pleadings.  Celotex, 477 U.S. at 324.  "[T]he plain language

of Rule 56(c) mandates the entry of summary judgment, after

adequate time for discovery and upon motion, against a party who

fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party

will bear the burden of proof at trial."  Id. at 322.

After the plaintiff has properly responded to a proper motion

for summary judgment, the court must grant the motion if there is

no genuine issue of material fact, and the moving party is entitled

to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The

substantive law will identify which facts are material and which

are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).  A dispute is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."

Id. at 248.  "[T]he judge's function is not himself to weigh the

evidence and determine the truth of the matter but to determine

whether there is a genuine issue for trial."   Id. at 249.  His

guide is the same standard necessary to direct a verdict:  "whether

the evidence presents a sufficient disagreement to require

4

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every

5

inference but only of every reasonable inference. <u>Brown v. City of Clewiston</u>, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### Undisputed Facts

On July 3, 1997, plaintiff Arthur L. Green filed this action against Keith Crabtree, personally, whom he believed to do business as P.I.W. As mentioned, the parties now agree that the proper defendant is P.I.W., Inc., not Crabtree. Plaintiff's claims arise from his employment with P.I.W. from October 1993 until January of 1997. In October of 1993, plaintiff was hired to work as a laborer. He became a member of the United Mine Workers of America ("the union") and his conditions of employment were governed in part by a collective bargaining agreement entered into by the union and the defendant. Plaintiff testified in deposition that during his employment at P.I.W., he consistently worked more than 40 hours per week, but was not paid overtime wages as due under the union contract and as required by 29 U.S.C. § 207(a)(1). Plaintiff apparently received overtime pay on a few occasions during his employment, during the company's "shut down" periods, but did not receive overtime pay during most of the time that he worked at P.I.W. and put in more than 40 hours per week.

Plaintiff also alleges that the defendant failed to provide insurance coverage for drug and/or alcohol rehabilitation, as required by the terms of the union contract. During his employment, the plaintiff entered a rehabilitation center for treatment of his alcohol and marijuana addiction. Apparently, the treatment was not covered by any insurance provided by the employer. Upon receiving a request from the rehabilitation center, the defendant paid the fees required in order to have the plaintiff treated. Defendant paid $6000 for the plaintiff's medical treatment for his addictions. After the plaintiff returned to work, the defendant withheld $250 per pay period from the plaintiff's paychecks in order to recoup the $6000. Plaintiff claims that the defendant had an obligation under the union contract to provide insurance that would have covered the medical expenses incurred for drug and alcohol rehabilitation, and that its recoupment of those costs from his pay effectively breached the CBA.

On April 26, 1999, defendant filed a motion for partial summary judgment, seeking dismissal of both of plaintiff's claims that allege a breach of the union contract, based upon the plaintiff's failure to adhere to the grievance procedure and arbitration requirement set forth in the union contract as the sole

means of settling a dispute between an employee and the employer.

Defendant did not seek summary judgment on plaintiff's overtime

claim to the extent it arises from § 207 of the Wage and Hour Act.

Plaintiff responded to the defendant's motion for partial summary

judgment, asserting that plaintiff was excused from the requirement

that he exhaust his remedies because the grievance and arbitration

procedure would have been futile and inadequate, and that the

defendant waived the requirement that the dispute be arbitrated.

Having reviewed the pleadings and evidentiary materials filed

by both parties, the court determines that the motion for partial

summary judgment is well founded and is due to be granted.

### Exhaustion of Remedies

The union contract governing disputes between the plaintiff

and the defendant requires that:

> The United Mine Workers of American and the Employers
> agree and affirm that, except as provided herein, they
> will maintain the integrity of this contract and that all
> disputes and claims which are not settled by agreement
> shall be settled by the machinery provided in the
> "Settlement of Disputes" Article of this Agreement....

Article 25, Union Contract.  In addition, Article 21 of the union

contract, governing the settlement of disputes, requires that

"[d]isputes arising under this Agreement shall be resolved as

8

follows...." (Emphasis added).   These provisions demonstrate that the parties to the collective bargaining agreement agreed to an exclusive means of settling disputes.  The parties provided for a grievance procedure to be followed, if necessary, by binding arbitration.  The contract further provides for settlements reached through the grievance and arbitration procedure to be "final and binding" and not "subject to further proceedings".   Article 21, section (g).   The stated purpose of the procedure is to settle disputes and claims "through the machinery in this contract and by collective bargaining without recourse to the courts." Article 25.

It is clear that the union contract at issue here provides for a mandatory grievance and arbitration procedure.  It is equally clear that when such a procedure is mandatory under a collective bargaining agreement, an employee must at least attempt to use and exhaust the contractual procedures before seeking judicial review of his claim.  Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S. Ct. 614, 13 L. Ed. 2d 580 (1965); Mason v. Continental Group, Inc., 763 F.2d 1219 (11th Cir. 1985).   If an employee bound by such an agreement fails to exhaust the remedies provided by the CBA, it is fatal to his complaint, which must be dismissed.   Mason v. Continental Group, Inc., 763 F.2d 1219, 1222 (11th Cir. 1985) ("When employees asserting an arbitrable grievance have not attempted to

utilize the dispute resolution machinery available to them under the agreement, their independent suit against the employer must be dismissed.")

While the general rule requires an exhaustion of remedies, the Supreme Court has recognized a few exceptions to the requirement. These exceptions apply when: (1) the union has the sole power to invoke the grievance procedure and prevents an employee from exhausting his remedies by wrongfully refusing to press the employee's claims; (2) the employer, through his conduct, repudiates the remedial procedures specified by the contract; and (3) where the effort to proceed with the grievance process would be "wholly futile". Vaca v. Sipes, 386 U.S. 171, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967); Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 89 S. Ct. 548, 21 L. Ed. 2d 519 (1969).

The plaintiff does not argue that he exhausted his remedies. He seems to admit that he filed a grievance on his overtime claim, but failed to proceed to arbitration.  There is no indication that he commenced a grievance regarding the medical-insurance coverage claim.   Instead, plaintiff urges the court to apply the third exception to the exhaustion requirement and excuse his failure to exhaust his remedies on the basis of its futility.   Plaintiff argues that to have pursued his claims through the grievance and

10

arbitration process would be "wholly futile" because recovery of overtime under the contract would be limited to 15 days; consequently, plaintiff would not be able to recover the overtime he is due for the approximate three years during which he worked more than 40 hours per week. In support of this contention, plaintiff offers the affidavit of Anthony E. Morrow, who was a coworker of plaintiff at P.I.W. Morrow states that the union representative informed the plaintiff "that the union was limited to only two weeks of recovery under the union contract." Plaintiff does not provide the court with any contract language to which the representative may have referred, nor does plaintiff offer any evidence that the conversation took place, other than Morrow's hearsay account of what the representative allegedly told the plaintiff. This showing is insufficient to bring plaintiff within the futility exception.

Article 21, section (e) of the CBA, captioned "Fifteen (15) Day Limitation," states, "Any grievance which is not filed by the aggrieved party within fifteen (15) calendar days of the time when the employee reasonably should have known it, shall be denied as untimely." Plaintiff has pointed to no other provision of the CBA that would limit the *recovery* to which an aggrieved employee might be entitled. Section (e) plainly is a time limitation for the

11

*commencement* of the grievance process.  But even if it can be read

as limiting the aggrieved employee to collecting only fifteen days

of unpaid overtime, its effect would be simply to require the

employee to file a grievance after each pay check that did not

included claimed overtime.  While this might be a cumbersome and

repetitive process, there is no indication that it could not

effectively resolve the aggrieved employee's claim for unpaid

overtime.  The grievance process is not futile as that term is

understood under law.  The process can be dismissed as futile only

when the employee is precluded from availing himself of the

process.  As the Eleventh Circuit has explained, "The test for

'futility' is not, however, whether the employees' claims would

succeed, but whether the employees could have availed themselves of

the grievance procedure."  Mason v. Continental Group, Inc., 763

F.2d 1219, 1224 (11th Cir. 1985).

It is well settled that a breach of contract action brought by

an employee concerning a collective bargaining agreement will not

be subject to judicial review except in a few narrow exceptions.

The futility exception urged by the plaintiff was designed to allow

victims of race discrimination to avoid having to subject their

claims to the very people who were accused of carrying out the

racist policies at issue.  Glover, 393 U.S. 330-331.  In Glover,

12

the court recognized that the plaintiffs' complaints were that the bargaining representatives of the plaintiffs had been "acting in concert" with the employer to "set up schemes and contrivances to bar Negroes from promotion wholly because of race." Id. at 331. The court went on to state: "If that is true, insistence that petitioners exhaust the remedies [under the contract] would only serve to prolong the deprivation of rights to which these petitioners ... are justly and legally entitled." Id. See also, Atkins v. Louisville and Nashville R.R. Co., 819 F.2d 644 (6th Cir. 1987)(affirming dismissal of plaintiff's claims of racial discrimination for failure to exhaust the arbitration remedy set forth in union contract where effort to arbitrate had not been shown to be tainted or futile).

The plaintiff in the instant case has failed to make any showing that to pursue his remedies under the contract would have been futile. In fact, plaintiff's testimony indicates that he initiated the grievance procedure, but later abandoned his claims. To allow plaintiff to proceed now would be inconsistent with the strong policy favoring enforcement of agreements to arbitrate and the rights of both employers and union members to have collective bargaining agreements honored in the courts. Partial summary

13

judgment will be granted with respect to any claim grounded on an alleged breach of the CBA.

Plaintiff is not left entirely without remedy, however, and can still pursue any claims he may be able to sustain based on allegations that the defendant violated the Wage and Hour Act by failing or refusing to pay earned overtime. Defendant's argument that plaintiff's overtime claims are not properly brought under the Fair Labor Standards Act is unpersuasive. While not exactly on point, the Eleventh Circuit's decision in Lee v. Flightsafety Services Corporation, 20 F.3d 428 (11th Cir. 1994), strongly suggests that there is no barrier to an employee under a collective bargaining agreement also asserting his statutory right to overtime under the FLSA. In that case, firefighters subject to a collective bargaining agreement pursued a claim that their employer failed to pay overtime required by the FSLA. The court noted that minimum-wage and overtime pay rights granted by the FLSA cannot be bargained away in a union contract, and that "congressionally granted FSLA rights take precedence over conflicting provisions in a collectively bargained compensation arrangement." Id. at 432.[2]

---

[2] Ultimately, the firefighters' claim failed only because the court concluded that they were being paid consistently with the FLSA.

Thus, plaintiff's claim based solely on the overtime-pay requirements of the FSLA is not subject to dismissal. Although it is unclear whether defendant seeks summary judgment on this claim, it will be denied.

<u>Conclusion</u>

Consequently, even viewing the evidence in the light most favorable to the nonmovant, this court finds that defendant's motion for partial summary judgment is due to be GRANTED. Plaintiff's claims that the defendant breached the union contract by failing to pay for overtime work and by failing to provide the insurance coverage as set forth in the agreement will be DISMISSED WITH PREJUDICE. The motion for summary judgment will be DENIED as to plaintiff's claim for overtime based solely on 29 U.S.C. § 207. A separate order will be entered.

DATED this 8th day of July, 1999.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE